UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY ESQ. SR., doing business as SHEETMETAL & ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>U.S. INTERNAL REVENUE SERVICE TAXPAYER ADVOCATE,<br><br>Defendant. | Case No. 1:21-cv-00870-NONE-EPG<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Shannon O. Murphy Esq. Sr. doing business as Sheetmetal & Associates ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the Complaint commencing this action on June 1, 2021. (ECF No. 1.) The Complaint sets forth claims against the U.S. Internal Revenue Service Taxpayer Advocate arising out of two phone calls that caused Plaintiff to panic. The Court finds that the Complaint fails to state any cognizable claims.

After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which the Court will screen in due course. Plaintiff can also notify the Court that he wants to stand on

his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

The Complaint alleges as follows:

3. Plaintiff's Mr. Shannon O. Murphy Esq. Sr. while he did remain perform legal business attending his legal advisory and document company named Sheetmetal & Associates, about 5:45 p.m. (PST). was told by IRS. Taxpayer Advocate Hotline agent of named, Ms. Barton, that the IRS relevant computer information system was being up-dated, and that he should call back the following Monday, 01/04/2021, in order apply for at regards the IRS form 911, "Request for Taxpayer Advocate Service Assistance" reply.

2

> 4. Mr. Murphy, ths case plaintiff's, did in fact call again the Taxpayer Advocate Hotline, at (877) 777-4778, on Monday, 01/04/2021, and was reach IRS agent #1003651022, Mr. White, at about 6:28 p.m. (PST).
> Mr. White, agent to defendant, did place Mr. Murphy on hold, for he implied was going to be a brief period of time, in order he, Mr. White, attend fair to applications relevant, and could be indicated applied by he alone, regards handling mine request IRS advocate relevant assistance; Mr. White, of case defendant's agents, after about a 15 min. wait, never returned to the telephone call remain at hold jurisdiction, he apply he should return; Plaintiff's Mr. Murphy, was compel a panic – attack, upset VA doctor diagnosed accords relevant Bipolar 1 Disorder, and since so, Mr. Murphy alleges an type assault took place. Consequently before here as was, there must definitely had occur a "breach of contract".
>
> 5. Plaintiff's Mr. Murphy, latter, on 01/06/2021, attempted to call again, in order comply a regards complain against the unfair subject Mr. White, did allow for tort-negligence regards occur, since he failed continue at the telephone conversation at fair progress, by he should attempt try contact to Murphy, after telephone conversation was interrupted; Plaintiff's Mr. Murphy, this time was answered by an IRS agent at (877) 777-4778, named Mr. Lopez, agent #1000158053, at about 5:45 p.m. (PST), and was very rudely detoured of fair necessary communications relevant mine asked, requested, required. Plaintiff's Murphy was caused again an panic – attack, that plaintiff alleges, on purpose, to elude, as for Mr. Lopez, be fair apply relevant for continuity remain attend 911 form.

(ECF No. 1 at 2.)

In a section titled "Cause of Action," Plaintiff lists breach of contract, tort-negligence, assault-covert method, and injury/illness. (ECF No. 1 at 2.) Plaintiff requests relief in the form of "[r]elative declares plaintiff Shannon O. Murphy Esq. Sr. dba. Sheetmetal & Associates, an INLC., victor, attends at court case relevant, associate a fair justice concern this U.S. District Court jurisdiction." (*Id.* at 3.) Plaintiff also requests "future court costs, medical support relative costs, by allow award to plaintiff, for such above mentioned requires a restitution, compensation, $3,040,000" and "[m]edical billing costs to payment relevant medical facilities, include also relevant VA Clinics used, are of also to be accommodated secure relevant paid up, and to with, for now, to then, and for the future, a medical related issue, for billing be of manifest, occur, that to be paid, at relevant plaintiff's." (*Id.*)

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Pleading Standards

As set forth above, Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 Fed. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

The Complaint violates Rule 8(a). The allegations are confusing and convoluted, making it difficult for the Court to determine what, if any, cognizable claims are included in the Complaint. Although the Federal Rules employ a flexible pleading policy, Plaintiff must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. It is Plaintiff's duty to articulate his claims, not the Court's or the defendant's duty to try to decipher what claims Plaintiff is asserting in the action.

The Court will grant Plaintiff leave to amend his complaint so that he can include additional factual allegations and make a clear statement. If Plaintiff chooses to amend his complaint, Plaintiff should use clear and plain language. He must allege facts and a cause of action that outlines his claims. Plaintiff must allege the who, what, when, where, and why of his claims. Plaintiff must explain his case with specificity and identify what each defendant did, which claims he intends to bring against each defendant, and the bases for those claims.

**B.     Legal Standards**

In the event Plaintiff amends his complaint, the Court provides the following legal standards which may be relevant to his action:

///

4

1. **Sovereign Immunity**

The United States is immune from suit absent specific statutory consent waiving immunity. *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 141-142 (1972); *United States v. Shaw*, 309 U.S. 495, 500-501 (1940). Even when suits against the United States are authorized, they may only be brought in designated courts with jurisdiction over the subject matter of the suit. *Shaw*, 309 U.S. at 501. Therefore, before the merits of Plaintiff's claim can be considered, there must be statutory authority which confers subject matter jurisdiction on this Court. Plaintiff must also allege sufficient factual detail to allow the Court to reasonably infer that it has jurisdiction over Plaintiff's claims. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff does not refer to any statute which specifically provides for a suit against the United States for damages. However, construing the allegations liberally, the Complaint may be interpreted as asserting common law tort claims under the Federal Tort Claims Act ("FTCA") and a breach of contract claim under the Tucker Act.

**A. Federal Tort Claims Act**

The FTCA is a waiver of sovereign immunity that allows a private litigant to bring causes of action for state law torts against the United States and its employees acting in the scope of their employment. 28 U.S.C. § 1346(b). It is the exclusive remedy for damages arising out of the tortious actions of federal employees. 28 U.S.C. § 2679(b)(1). The FTCA provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *United States v. Olson*, 546 U.S. 43, 46 ("[The FTCA] makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'") (emphasis and citation omitted); *United States v. Orleans*, 425 U.S. 807, 813 (1976) ("The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."). The United States' liability under the FTCA is determined using the substantive law of the state in which the allegedly tortious conduct occurred. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001).

Administrative exhaustion is a required element of a claim under the FTCA. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted); *Brady v. United States*, 211 F.3d 499 (9th Cir. 2000) (stating that a claimant under the FTCA must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). Specifically:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Brady,* 211 F.3d at 502 (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.1992).

Plaintiff appears to be seeking to recover money damages from the United States based on two IRS employees' allegedly tortious conduct. The FTCA is thus Plaintiff's exclusive remedy for his tort claims. However, Plaintiff has not alleged facts demonstrating that he complied with the FTCA's administrative exhaustion requirement. Plaintiff therefore fails to state a cognizable FTCA claim against the United States. If Plaintiff amends his complaint, he should allege facts demonstrating he complied with the FTCA's administrative exhaustion requirement.

Further, the FTCA does not apply to claims "arising in respect to the assessment or collection of any tax" are precluded under the FTCA. 28 U.S.C. § 2680(c). Any claims arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights are also excluded. 28 U.S.C. § 2680(h). "[I]f the governmental conduct underlying a claim falls within an exception outlined in section 2680, the claim is barred, no matter how the tort is characterized." *DaVinci*

*Aircraft, Inc. v. United States,* 926 F.3d 1117, 1123 (9th Cir. 2019). Therefore, to the extent Plaintiff's claims relate to the assessment or collection of any tax or arise out of assault, battery, misrepresentation, deceit, or any of the exceptions in section 2680, they are not covered by the FTCA's waiver of sovereign immunity.[1]

Finally, as noted above, as noted above, the United States' liability under the FTCA is determined using the substantive law of the state in which the allegedly tortious conduct occurred. In the Cause of Action portion of the Complaint, Plaintiff lists "Tort-Negligence".[2] (ECF No. 1 at 2.) However, Plaintiff has not alleged where he was located during the events in his complaint or any other facts describing where the alleged negligence occurred. Assuming the conduct occurred in California, Plaintiff is required to show a legal duty to use due care, of a breach of that duty, and of a showing that the breach was the proximate or legal cause of plaintiff's injury. *United States Liability Insurance Co. v. Haidinger-Hayes, Inc.,* 1 Cal.3d 586, 594 (1970); *see also Delta Savings Bank,* 265 F.3d at 1025 ("To bring a suit under the FTCA based on negligence per se, a duty must be identified, and this duty cannot spring from federal law. The duty must arise from state statutory or decisional law, and must impose on the defendants a duty to refrain from committing the sort of wrong alleged here.").

In this case, construing the allegations liberally, it appears that Plaintiff alleges he was harmed after an IRS agent, Mr. White, placed him on hold for fifteen minutes and another IRS agent, Mr. Murphy, was rude to him. (ECF No. 1 at 2.) Plaintiff does not identify any statutory, decisional, or other law that would give rise to a duty to refrain from committing these acts and the Court is not aware of any. If Plaintiff elects to amend his complaint, he should identify the duty of care Defendant's agents owed to him, including the relevant state law that imposes that

---

[1] The Court notes that Plaintiff alleges that an "assault" took place during his conversations with the IRS employees. (ECF No. 1 at 2). Plaintiff also lists a claim for "assault – covert method". (*Id.*) In support of these claims, Plaintiff alleges that he was placed on hold during one telephone call with an IRS employee and that another IRS employee was rude to him. (*See id.*) Plaintiff does not allege any other facts regarding the alleged assault. As the Complaint is difficult to decipher, it is unclear whether Plaintiff's claims arise out of an assault or otherwise falls within one of the exceptions enumerated in section 2680.

[2] In addition to negligence and assault, discussed further above, Plaintiff identifies Breach of Contract and Injury/Illness as causes of action. (ECF No. 1 at 2.) Plaintiff's breach of contract claim is addressed further below. The Court is not aware of any state law causes of action for "Injury/Illness" and it is unclear what claim Plaintiff intends to refer to by these terms.

7

duty, describe how that duty was breached, and explain how that breach caused Plaintiff's injuries.

### B. The Tucker Act

Plaintiff also lists "Breach of Contract" in the "Cause of Action" section of the Complaint. (ECF No. 1 at 2.)

The Tucker Act, 28 U.S.C. § 1491, grants the United States Court of Federal Claims jurisdiction "to render judgment upon any claim against the United States founded upon . . . any express or implied contract with the United States[.]" 28 U. S .C. § 1491(a)(1). Pursuant to this statute, the "Court of Federal Claims possesses exclusive jurisdiction of claims arising under the Tucker Act in excess of $10,000." *United States v. Park Place Assocs.,* 563 F.3d 907, 927 (9th Cir.2009).[2] As the Ninth Circuit Court of Appeal explains:

> The Tucker Act supplies both a basis for the exercise of subject matter jurisdiction and a concomitant waiver of sovereign immunity in the Court of Federal Claims. This is a package deal-the waiver of sovereign immunity is coextensive with the jurisdiction the statute confers. The Tucker Act thus never waives sovereign immunity for suit in, nor confers jurisdiction on, the [district court.

*Id.*

Here, although the Complaint identifies a claim for breach of contract, Plaintiff has not alleged any facts indicating that a contract existed between Plaintiff and the United States or how that contract was breached. Notably, Plaintiff requests damages in the amount of $3,050,00, which exceeds the $10,000 benchmark for the Tucker Act. However, Plaintiff does not describe whether some or all of these damages are attributable to the alleged breach of contract. To the extent Plaintiff elects to amend his complaint, he should allege facts establishing the existence of a contract with the United States and describe how that contract was breached as well as the amount of any damages Plaintiff contends were caused by the breach. If Plaintiff seeks damages in excess of $10,000.00 for a breach of contract with the United States, his claim is governed by the Tucker Act and is within the exclusive jurisdiction on the Court of Federal Claims.

### C. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claim(s). If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on his Complaint;
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:21-cv-

00870-NONE-EPG; and

3. <u>Failure to comply with this order may result in the dismissal of this action.</u>

IT IS SO ORDERED.

Dated: **July 8, 2021**          /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE