1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  SHANNON O MURPHY ESQ. SR., doing        Case No. 1:21-cv-00870-NONE-EPG
    business as SHEETMETAL &
12  ASSOCIATES,

13              Plaintiff,                  FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING THAT THIS ACTION BE
14      v.                                  DISMISED WITHOUT PREJUDICE FOR
                                            FAILURE TO STATE A CLAIM, FAILURE
15  U.S. INTERNAL REVENUE SERVICE           TO PROSECUTE, AND FAILURE TO
    TAXPAYER ADVOCATE,                      COMPLY WITH A COURT ORDER
16
                Defendant.                  (ECF No. 1)
17
                                            OBJECTIONS, IF ANY, DUE WITHIN
18                                          FOURTEEN DAYS

19
        I.    BACKGROUND
20
            Plaintiff Shannon O. Murphy Esq. Sr., doing business as Sheetmetal & Associates
21
    ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action.
22
            Plaintiff filed a complaint on June 1, 2021. (ECF No. 1.) The complaint sets forth claims
23
    against the U.S. Internal Revenue Service Taxpayer Advocate arising out of two phone calls that
24
    caused Plaintiff to panic. (*See id.*)
25
            On July 9, 2021, the Court entered an order screening Plaintiff's complaint and found that
26
    it failed to state any cognizable claims. (ECF No. 7.) The Court gave Plaintiff thirty days from the
27
    date of service of the order to file an amended complaint or to notify the Court that he wants to
28
    stand on his complaint. (*Id*. at 9-10.) The Court warned Plaintiff that "[f]ailure to comply with

                                            1

1   this order may result in the dismissal of this action." (*Id.* at 10.)

2     The thirty-day period has expired, and Plaintiff has not filed an amended complaint or

3   otherwise responded to the Court's order. Accordingly, for the reasons described below, the Court

4   will recommend that Plaintiff's case be dismissed for failure to state a claim. The Court will also

5   recommend that Plaintiff's case be dismissed for failure to comply with a court order and failure

6   to prosecute.

7     **II. SCREENING REQUIREMENT**

8     Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma*

9   *pauperis*, the Court must conduct a review of the claims brought by the plaintiff to determine

10  whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or

11  "seek[s] monetary relief against a defendant who is immune from such relief." If the Court

12  determines that the complaint fails to state a claim on which relief may be granted, it must be

13  dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, it must

14  be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance:

15  having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm

16  another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted

17  to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United*

    *States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

18    A complaint must contain "a short and plain statement of the claim showing that the

19  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

20  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

21  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

22  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

23  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663

24  (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal

25  conclusions are not. *Id.* at 678.

26    In determining whether a complaint states an actionable claim, the Court must accept the

27  allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740

28  (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v.*

1  *Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins*

2  *v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less

3  stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342

4  (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after

5  *Iqbal*).

6  **III.    SUMMARY OF PLAINTIFF'S COMPLAINT**

7      The complaint alleges as follows:

8      3. Plaintiff's Mr. Shannon O. Murphy Esq. Sr. while he did remain perform legal
business attending his legal advisory and document company named Sheetmetal &
9  Associates, about 5:45 p.m. (PST). was told by IRS. Taxpayer Advocate Hotline
agent of named, Ms. Barton, that the IRS relevant computer information system
10 was being up-dated, and that he should call back the following Monday,
01/04/2021, in order apply for at regards the IRS form 911, "Request for Taxpayer
11 Advocate Service Assistance" reply.
4. Mr. Murphy, ths case plaintiff's, did in fact call again the Taxpayer Advocate
12 Hotline, at (877) 777-4778, on Monday, 01/04/2021, and was reach IRS agent
#1003651022, Mr. White, at about 6:28 p.m. (PST). Mr. White, agent to
13 defendant, did place Mr. Murphy on hold, for he implied was going to be a brief
period of time, in order he, Mr. White, attend fair to applications relevant, and
14 could be indicated applied by he alone, regards handling mine request IRS
advocate relevant assistance; Mr. White, of case defendant's agents, after about a
15 15 min. wait, never returned to the telephone call remain at hold jurisdiction, he
apply he should return; Plaintiff's Mr. Murphy, was compel a panic – attack, upset
16 VA doctor diagnosed accords relevant Bipolar 1 Disorder, and since so, Mr.
Murphy alleges an type assault took place. Consequently before here as was, there
17 must definitely had occur a "breach of contract". 5. Plaintiff's Mr. Murphy, latter,
on 01/06/2021, attempted to call again, in order comply a regards complain against
18 the unfair subject Mr. White, did allow for tortnegligence regards occur, since he
failed continue at the telephone conversation at fair progress, by he should attempt
19 try contact to Murphy, after telephone conversation was interrupted; Plaintiff's Mr.
Murphy, this time was answered by an IRS agent at (877) 777-4778, named Mr.
20 Lopez, agent #1000158053, at about 5:45 p.m. (PST), and was very rudely
detoured of fair necessary communications relevant mine asked, requested,
21 required. Plaintiff's Murphy was caused again an panic – attack, that plaintiff
alleges, on purpose, to elude, as for Mr. Lopez, be fair apply relevant for
22 continuity remain attend 911 form.

23 (ECF No. 1 at 2.)

24     In a section titled "Cause of Action," Plaintiff lists breach of contract, tort-negligence,

25 assault-covert method, and injury/illness. (ECF No. 1 at 2.) Plaintiff requests relief in the form of

26 "[r]elative declares plaintiff Shannon O. Murphy Esq. Sr. dba. Sheetmetal & Associates, an

27 INLC., victor, attends at court case relevant, associate a fair justice concern this U.S. District

28 Court jurisdiction." (*Id*. at 3.) Plaintiff also requests "future court costs, medical support relative

costs, by allow award to plaintiff, for such above mentioned requires a restitution, compensation, $3,040,000" and "[m]edical billing costs to payment relevant medical facilities, include also relevant VA Clinics used, are of also to be accommodated secure relevant paid up, and to with, for now, to then, and for the future, a medical related issue, for billing be of manifest, occur, that to be paid, at relevant plaintiff's." (*Id.*)

## IV. FAILURE TO STATE A CLAIM

### A. Rule 8

As set forth above, Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

The Court finds that the complaint violates Rule 8(a). The allegations are confusing and convoluted, making it difficult for the Court to determine what, if any, cognizable claims are included in the complaint. Although the Federal Rules employ a flexible pleading policy, Plaintiff must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. It is Plaintiff's duty to articulate his claims, not the Court's or the defendant's duty to try to decipher what claims Plaintiff is asserting in the action.

///

4

Because Plaintiff's complaint fails to comply with Rule 8(a), the Court will recommend that it be dismissed.

### B. Sovereign Immunity

The United States is immune from suit absent specific statutory consent waiving immunity. *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 141-142 (1972); *United States v. Shaw*, 309 U.S. 495, 500-501 (1940). Even when suits against the United States are authorized, they may only be brought in designated courts with jurisdiction over the subject matter of the suit. *Shaw*, 309 U.S. at 501. Therefore, before the merits of Plaintiff's claim can be considered, there must be statutory authority which confers subject matter jurisdiction on this Court. Plaintiff must also allege sufficient factual detail to allow the Court to reasonably infer that it has jurisdiction over Plaintiff's claims. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff does not refer to any statute which specifically provides for a suit against the United States for damages. However, construing the allegations liberally, the complaint may be interpreted as asserting common law tort claims under the Federal Tort Claims Act ("FTCA") and a breach of contract claim under the Tucker Act. For the following reasons, the Court finds that Plaintiff fails to state claims upon which relief can be granted under the FTCA or the Tucker Act and recommends dismissal of those claims.

#### 1. Federal Tort Claims Act

The FTCA is a waiver of sovereign immunity that allows a private litigant to bring causes of action for state law torts against the United States and its employees acting in the scope of their employment. 28 U.S.C. § 1346(b). It is the exclusive remedy for damages arising out of the tortious actions of federal employees. 28 U.S.C. § 2679(b)(1). The FTCA provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *United States v. Olson*, 546 U.S. 43, 46 ("[The FTCA] makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'") (emphasis and citation omitted); *United States v. Orleans*, 425 U.S. 807, 813 (1976) ("The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party

for certain torts of federal employees acting within the scope of their employment."). The United States' liability under the FTCA is determined using the substantive law of the state in which the allegedly tortious conduct occurred. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001).

Administrative exhaustion is a required element of a claim under the FTCA. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted); *Brady v. United States*, 211 F.3d 499 (9th Cir. 2000) (stating that a claimant under the FTCA must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). Specifically:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Brady,* 211 F.3d at 502 (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.1992).

Plaintiff appears to be seeking to recover money damages from the United States based on two IRS employees' allegedly tortious conduct. The FTCA is thus Plaintiff's exclusive remedy for his tort claims. However, Plaintiff has not alleged facts demonstrating that he complied with the FTCA's administrative exhaustion requirement. The Court therefore finds that Plaintiff fails to state a cognizable FTCA claim against the United States.

Further, the FTCA does not apply to claims "arising in respect to the assessment or collection of any tax" are precluded under the FTCA. 28 U.S.C. § 2680(c). Any claims arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel,

slander, misrepresentation, deceit, or interference with contract rights are also excluded. 28 U.S.C. § 2680(h). "[I]f the governmental conduct underlying a claim falls within an exception outlined in section 2680, the claim is barred, no matter how the tort is characterized." *DaVinci Aircraft, Inc. v. United States,* 926 F.3d 1117, 1123 (9th Cir. 2019). Therefore, to the extent Plaintiff's claims relate to the assessment or collection of any tax or arise out of assault, battery, misrepresentation, deceit, or any of the exceptions in section 2680, the Court finds that they are not covered by the FTCA's waiver of sovereign immunity.[1]

Finally, as noted above, as noted above, the United States' liability under the FTCA is determined using the substantive law of the state in which the allegedly tortious conduct occurred. In the Cause of Action portion of the complaint, Plaintiff lists "Tort-Negligence".[2] (ECF No. 1 at 2.) However, Plaintiff has not alleged where he was located during the events in his complaint or any other facts describing where the alleged negligence occurred. Assuming the conduct occurred in California, Plaintiff is required to show a legal duty to use due care, of a breach of that duty, and of a showing that the breach was the proximate or legal cause of plaintiff's injury. *United States Liability Insurance Co. v. Haidinger-Hayes, Inc.,* 1 Cal.3d 586, 594 (1970); *see also Delta Savings Bank,* 265 F.3d at 1025 ("To bring a suit under the FTCA based on negligence per se, a duty must be identified, and this duty cannot spring from federal law. The duty must arise from state statutory or decisional law, and must impose on the defendants a duty to refrain from committing the sort of wrong alleged here.").

In this case, construing the allegations liberally, it appears that Plaintiff alleges he was harmed after an IRS agent, Mr. White, placed him on hold for fifteen minutes and another IRS agent, Mr. Murphy, was rude to him. (ECF No. 1 at 2.) Plaintiff does not identify any statutory,

[1] The Court notes that Plaintiff alleges that an "assault" took place during his conversations with the IRS employees. (ECF No. 1 at 2.) Plaintiff also lists a claim for "assault – covert method". (*Id.*) In support of these claims, Plaintiff alleges that he was placed on hold during one telephone call with an IRS employee and that another IRS employee was rude to him. (*See id.*) Plaintiff does not allege any other facts regarding the alleged assault. As the complaint is difficult to decipher, it is unclear whether Plaintiff's claims arise out of an assault or otherwise falls within one of the exceptions enumerated in section 2680.

[2] In addition to negligence and assault, discussed further above, Plaintiff identifies Breach of Contract and Injury/Illness as causes of action. (ECF No. 1 at 2.) Plaintiff's breach of contract claim is addressed further below. The Court is not aware of any state law causes of action for "Injury/Illness" and it is unclear what claim Plaintiff intends to refer to by these terms.

1

2

3

decisional, or other law that would give rise to a duty to refrain from committing these acts and the Court is not aware of any. The Court therefore finds that the complaint fails to state a claim for negligence.

4

   2.   <u>The Tucker Act</u>

5

6

Plaintiff also lists "Breach of Contract" in the "Cause of Action" section of the complaint. (ECF No. 1 at 2.)

7

8

9

10

11

12

The Tucker Act, 28 U.S.C. § 1491, grants the United States Court of Federal Claims jurisdiction "to render judgment upon any claim against the United States founded upon . . . any express or implied contract with the United States[.]" 28 U. S .C. § 1491(a)(1). Pursuant to this statute, the "Court of Federal Claims possesses exclusive jurisdiction of claims arising under the Tucker Act in excess of $10,000." *United States v. Park Place Assocs.,* 563 F.3d 907, 927 (9th Cir.2009).[2] As the Ninth Circuit Court of Appeal explains:

13

14

15

> The Tucker Act supplies both a basis for the exercise of subject matter jurisdiction and a concomitant waiver of sovereign immunity in the Court of Federal Claims. This is a package deal-the waiver of sovereign immunity is coextensive with the jurisdiction the statute confers. The Tucker Act thus never waives sovereign immunity for suit in, nor confers jurisdiction on, the [district court].

16

*Id.*

17

18

19

20

21

Here, although the complaint identifies a claim for breach of contract, Plaintiff has not alleged any facts indicating that a contract existed between Plaintiff and the United States or how that contract was breached. Notably, Plaintiff requests damages in the amount of $3,050,00, which exceeds the $10,000 benchmark for the Tucker Act. However, Plaintiff does not describe whether some or all of these damages are attributable to the alleged breach of contract. Thus, the Court finds that the complaint fails to state a breach of contract claim.

22

**V.   FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER**

23

24

25

26

27

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639,

28

642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Although the Court has discretion to recommend dismissal with prejudice, given the lack of information regarding the relevant state court proceedings and the applicability of the above doctrines, the Court will recommend dismissal without prejudice. Accordingly, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.
///

1

## VI.    CONCLUSION AND RECOMMENDATIONS

2

The Court screened Plaintiff's complaint and found that it failed to state a claim upon

3

which relief may be granted. The Court previously provided Plaintiff with relevant legal

4

standards and leave to amend his complaint to cure these deficiencies. (ECF No. 4.) However, the

5

deadline for Plaintiff to amend his complaint has passed and Plaintiff has not filed an amended

6

complaint, responded to the Court's screening order, or otherwise prosecuted this action.

7

Accordingly, the Court recommends that this action be dismissed without prejudice for failure to

8

state a claim, failure to prosecute, and failure to comply with a court order.

9

Based on the foregoing, the Court HEREBY RECOMMENDS that:

10

    1.   This action be dismissed without prejudice for failure to state a claim, failure to

        prosecute, and failure to comply with a court order; and

11

    2.   The Clerk of Court be directed to assign a district judge for the purpose of closing

12

        this case and then to close this case.

13

These findings and recommendations will be submitted to the United States district judge

14

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

15

(14) days after being served with these findings and recommendations, Plaintiff may file written

16

objections with the Court. The document should be captioned "Objections to Magistrate Judge's

17

Findings and Recommendations." Plaintiff is advised that failure to file objections within the

18

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

19

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20

IT IS SO ORDERED.

21

22

Dated:   **August 24, 2021**                    /s/ Erica P. Grosjean

23

UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

10