UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY ESQ. SR., doing business as SHEETMETAL & ASSOCIATES,<br><br>            Plaintiff,<br><br>    v.<br><br>U.S. INTERNAL REVENUE SERVICE TAXPAYER ADVOCATE,<br><br>            Defendant. | Case No. 1:21-cv-00870-NONE-EPG<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 7)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS ENTERED ON AUGUST 24, 2021, AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 4, 5)<br><br>THIRTY-DAY DEADLINE<br><br>ORDER DIRECTING THE CLERK OF COURT TO SERVE PLAINTIFF WITH A COPY OF THE JULY 9, 2021 SCREENING ORDER (ECF NO. 4) AND AUGUST 24, 2021 FINDINGS AND RECOMMENDATIONS (ECF NO. 5) |

Plaintiff Shannon O. Murphy Esq. Sr. doing business as Sheetmetal & Associates ("Plaintiff") is proceeding pro se and in forma pauperis in this action. (ECF No. 1.)

///

1

**I.     BACKGROUND**

Plaintiff filed the complaint commencing this action on June 1, 2021. (ECF No. 1.) The complaint sets forth claims against the U.S. Internal Revenue Service Taxpayer Advocate arising out of two phone calls that caused Plaintiff to panic. (*See id.*)

On July 9, 2021, the Court entered an order screening Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 7.) The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wants to stand on his complaint. (*Id.* at 9-10.) The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id*. at 10.)

On August 24, 2021, after the thirty-day period expired and Plaintiff had not filed an amended complaint or otherwise responded to the Court's order, the Court entered findings and recommendations recommending that this case be dismissed for failure to state a claim, failure to comply with a court order, and failure to prosecute. (ECF No. 5.) On September 10, 2021, Plaintiff filed objections to the findings and recommendations which, among other things, indicated that Plaintiff's response to the Court's screening order was erroneously filed as a separate case, *Murphy v. U.S. Internal Revenue Service Taxpayer Advocate,* Case No. 1:21-cv-01238-DAD-SKO, and was not filed in this case. (ECF No. 6.) Plaintiff's objections also indicate that the copy of the August 24, 2021 findings and recommendations he received only contained the first and last page. (*Id.*)

On September 10, 2021, Plaintiff also filed a motion requesting that the Court appoint a pro bono attorney for him. (ECF No. 11.) In the motion, Plaintiff cites to General Order 25[1] and states:
> HERE THAT A HANDICAP IS RELATIVE AT AGENT MILITARY SERVICE, AND COMPLIES BY ATTENDS A VA MEDICAL RECORD EXPLAIN OF BIPOLAR 1 DISORDER, ATTACHED THIS DECLARATION, 1 COPY, 1 PAGE, REPLIES VA MEDICAL JURISDICTIONS.

(*Id.*) Plaintiff also asks the Court to pay him $1,5000 for:

> RESTITUTION, COMPENSATION, FOR THE PANIC-ATTACK(S) COMPELLED, CAUSED BY APPARENT THIS COURT'S REPLY CLERK, ENTER A ERRONEOUS TO COURT CASE NO. 1:21-CV-01238-DAD-SKO,

---
[1] General Order 25 for this District pertains to service of grand and petit jurors.

WHERE APPROPRIATE THE TRUE COORDINATE CASE NO. 1:21-CV-00870 EPG. SHOULD HAVE BEEN DESIGNATED

(*Id.*)

## II. DISCUSSION

### A. Motion to Appoint Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action. *See Adir Int'l, LLC v. Starr Indem. and Liab. Co.,* 994 F.3d 1032, 1039 (9th Cir. 2021) ("[T]his court has long held that there is 'no constitutional right to counsel in a civil case.' . . . [C]ivil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer."); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998) (finding that there is no constitutional right to appointed counsel in section 1983 cases). Further, the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. In fact, the Court recently found that Plaintiff's complaint fails to state any cognizable claims. (ECF Nos. 4, 5.) However, Plaintiff is not precluded from renewing his motion at a later stage in the proceedings.

### B. Other Issues

The Court will deny Plaintiff's request that the Court pay him $1,500. Plaintiff does not cite to any authority for his request. Additionally, the Screening Order directed Plaintiff to

include the case number for this case on any amended complaint. (ECF No. 4.) However, Plaintiff failed to comply with the Court's order. The document filed in *Murphy v. U.S. Internal Revenue Service Taxpayer Advocate,* Case No. 1:21-cv-01238-NONE-SKO, does not contain the case number for this case in the caption and there is no indication on the face of the document that Plaintiff intended to file the document in this case.[2]

Plaintiff also indicates in his objections that he did not receive a full copy of the Court's findings and recommendations entered on August 24, 2021. (*See* ECF No. 6.) The Court will therefore direct the Clerk of Court to provide Plaintiff with a copy of the findings and recommendations.

Additionally, in light of Plaintiff's representation that he intended to respond to the Court's screening order, the Court will grant Plaintiff leave to file an amended complaint or notice that he wants to stand on his complaint. (*See* ECF No. 4.) However, the Court notes that the document filed in *Murphy v. U.S. Internal Revenue Service Taxpayer Advocate,* Case No. 1:21-cv-01238-NONE-SKO, contains many of the same deficiencies identified in the Court's screening order. The Court will direct the Clerk of Court to provide Plaintiff with a copy of the Court's July 9, 2021 screening order to reference in preparing an amended complaint if he so chooses.

The Court notes that it is not vacating the findings and recommendations entered on August 24, 2021 at this time. If Plaintiff files an amended complaint, the Court may vacate the pending findings and recommendations if appropriate.

If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or

---

[2] The Court may take judicial notice of its own records in other cases. Fed. R. Evid. 201; *United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980).

superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff does not include facts in his amended complaint, they will not be considered in determining if Plaintiff's amended complaint states any claims. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be signed.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 7) is DENIED;
2. The Clerk of Court is directed to serve Plaintiff with copies of the July 9, 2021 screening order (ECF No. 4) and the August 24, 2021 findings and recommendations (ECF No. 5);
3. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on his complaint;
4. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:21-cv- 00870-NONE-EPG; and
5. <u>Failure to comply with this order may result in the dismissal of this action.</u>

IT IS SO ORDERED.

Dated:  **September 14, 2021**          /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE

5